JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-3429 PA (SKx) | Date | April 22, 2020 |
|---|---|---|---|
| Title | Byrd International, Inc. v. Preferred Freezer Logistics, LLC, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| T. Jackson | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS - COURT ORDER

      The Court is in receipt of a Notice of Removal filed by defendant California Cartage Distribution, LLC ("Removing Defendant"). This action was filed by plaintiff Byrd International, Inc. ("Plaintiff") against defendants Preferred Freezer Logistics, LLC ("PFL") and Removing Defendant.[1/] Removing Defendant asserts that this Court has jurisdiction over the action based on the Court's diversity jurisdiction. See 28 U.S.C. § 1332.

      Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). "The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute." California ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2004) (citing Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988)).

      In attempting to invoke this Court's diversity jurisdiction, Removing Defendant must establish that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). For the purposes of diversity

---

    [1/]    According to the Notice of Removal, the Complaint originally named NFI, LP as a defendant. However, Removing Defendant notified Plaintiff that it, and not NFI, LP was the proper defendant. Plaintiff then filed an amendment to the Complaint substituting Removing Defendant in place of NFI, LP.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-3429 PA (SKx) | Date | April 22, 2020 |
|---|---|---|---|
| Title | Byrd International, Inc. v. Preferred Freezer Logistics, LLC, et al. | | |

jurisdiction, a corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c); see also Indus. Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090, 1092 (9th Cir. 1990). The citizenship of an LLC is the citizenship of its members. See Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens."); TPS Utilicom Servs., Inc. v. AT & T Corp., 223 F. Supp. 2d 1089, 1101 (C.D. Cal. 2002) ("A limited liability company . . . is treated like a partnership for the purpose of establishing citizenship under diversity jurisdiction.").

The Notice of Removal alleges that Plaintiff is incorporated and has its principal place of business in Maryland and that, "[b]ased on research by the undersigned counsel of public records and reasonably available information, PFL is a New Jersey limited liability company." (Notice of Removal at ¶¶ 6&7.) The Notice of Removal additionally alleges that "[b]ased on records and reasonably available information, no members of PFL are citizens of Maryland." (Id. at ¶ 8.) Because Removing Defendant has only alleged that no member of PFL is a citizen of Maryland, but has not alleged who PFL members are or where PFL's members are citizens, Removing Defendant has not satisfied its burden when seeking to remove an action to affirmatively allege the citizenship of the parties. See Kanter, 265 F.3d at 857 ("Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties."). See also, Rolling Greens MHP L.P. v. Comcast SCH Holdings, L.L.C., 374 F.3d 1020 (11th Cir. 2004) (to sufficiently allege the citizenships of these unincorporated business entities, a party must list the citizenships of all the members of the limited liability company and all the partners of the limited partnership). For this reason, Removing Defendant has failed to establish PFL's citizenship and, as a result, has failed to meet its burden to establish the Court's diversity jurisdiction. See Lindley Contours, LLC v. AABB Fitness Holdings, Inc., 414 F. App'x 62, 64 (9th Cir. 2011) (holding that an allegation that no member of a defendant LP "is an Oregon citizen," without identifying the actual state of citizenship of the LP's members or whether the members were composed of another layer of business entities, was insufficient to establish complete diversity).

For the foregoing reasons, and despite Plaintiff's waiver of the procedural defects identified in the Court's April 15, 2020 Minute Order, Removing Defendant has failed to meet its burden of establishing diversity jurisdiction. Accordingly, the Court remands this action to Los Angeles Superior Court, Case No. 20STCV07990, for lack of subject matter jurisdiction. See 28 U.S.C. § 1447(c).

IT IS SO ORDERED.